■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARLTON GUY, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered September 26, 1968, convicting him of an attempt to commit the Class E felony of driving a motor vehicle while intoxicated (which attempt, by virtue of section 110.05 of the Penal Law, is a Class A misdemeanor), upon his plea of guilty, and sentencing him to one year in the New York City Correction Institution. Judgment affirmed, without prejudice to an application by appellant to the Supreme Court, Queens County, to establish that he was unable to pay the $25 fine imposed by the Criminal Court, Queens County, upon another offense, and for modification of the sentence. Defendant was charged with the offenses of driving an unregistered vehicle and driving while intoxicated, both offenses arising out of the same incident. On the first charge, he was convicted in the Criminal Court, Queens County, and sentenced to pay a fine of $25 or, in the alternative, to serve five days. The fine was not paid and defendant was committed to serve the five days. On the latter charge defendant was indicted for driving while intoxicated as a felony. Upon his plea of guilty to the lesser charge of an attempt, he was sentenced to a term of one year. Since these offenses were committed as " parts of a single incident or transaction," the aggregate of definite terms of the sentence imposed therefore may not exceed one year (Penal Law, § 70.25, subd. 3). Defendant has asserted on this appeal that he was indigent at the time the $25 fine was imposed and therefore the alternative sentence of five days must be considered as a definite term of imprisonment contributing to an aggregate term in excess of one year. If his assertion of indigency be true, he would be entitled to have his sentence modified to comply with subdivision 3 of section 70.25 of the Penal Law (cf. *People v. Tennyson*, 19 N Y 2d 573, 576). Our affirmance of the judgment should therefore be without prejudice to an application by defendant to the Supreme Court, Queens County, to establish his inability to pay the $25 fine and to seek modification of the one-year sentence. We have considered the other points raised by defendant and find them to be without merit. Christ, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.